NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAMELA FOX KUHLKEN,

Plaintiff-Appellant,

v.

COUNTY OF SAN DIEGO; et al.,

Defendants-Appellees.

No.    18-55149

D.C. No.
3:16-cv-02504-CAB-DHB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted February 27, 2019
Southwestern Law School, Los Angeles, California

Before:  THOMAS, Chief Judge, HAWKINS, Circuit Judge, and PREGERSON,[**]
District Judge.

Pamela Fox Kuhlken (Fox) appeals the district court's grant of summary

judgment for defendants, County of San Diego and Deputy Darin Smith.  We have

jurisdiction pursuant to 28 U.S.C. § 1294(1) and we affirm the district court's grant

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Dean D. Pregerson, United States District Judge for
the Central District of California, sitting by designation.

of summary judgment. Because the parties are familiar with the facts, we do not recount them here.

We review a district court's grant of summary judgment de novo. *S. B. v. County of San Diego*, 864 F.3d 1010, 1013 (9th Cir. 2017). Summary judgment shall be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing the record, we view the facts in the light most favorable to Fox. *White v. Pauly*, 137 S. Ct. 548, 550 (2017).

I

The district court properly granted summary judgment on Fox's unlawful arrest claim. An arrest is unlawful if it was not supported by "probable cause or other justification." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 918 (9th Cir. 2012). "Probable cause exists when there is a fair probability or substantial chance of criminal activity." *Id.* (quoting *United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th Cir. 2004)). "In general, we must ask whether 'a prudent person would believe [that Fox] had committed a crime.'" *Id.* at 918 (quoting *Dubner v. San Francisco*, 266 F.3d 959, 966 (9th Cir. 2001)). The facts must demonstrate "only the probability, and not a prima facie showing, of criminal activity." *Illinois v. Gates*, 462 U.S. 213, 235 (1983) (quoting *Spinelli v. United States*, 393 U.S. 410,

2

419 (1969)). In assessing whether there was probable cause, the court must objectively consider what facts were available to the officer at the time. *Lacey*, 693 F.3d at 918.

Based on the undisputed facts, Deputy Smith had probable cause to arrest Fox for a violation of California Penal Code § 148(a)(1). Deputy Smith was responding without backup to a potentially serious crime. It is undisputed that Fox refused to provide identification upon request, creating the probable cause for a violation of California Penal Code § 148(a)(1) and California Vehicle Code § 12951(b).

## II

The district court also properly granted summary judgment on the excessive force claim. Although not limited to these factors, we assess the reasonableness of force by analyzing: "(1) the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted, (2) the government's interest in the use of force, and (3) the balance between the gravity of the intrusion on the individual and the government's need for that intrusion." *Lowry v. City of San Diego*, 858 F.3d 1248, 1256 (9th Cir. 2017) (internal quotations omitted).

Deputy Smith employed a take-down maneuver to handcuff Fox after she resisted his efforts to detain her and refused to provide identification. Fox suffered multiple minor abrasions and experienced pain from the tight handcuffs, however, she declined medical attention at the station. The minimal nature of the intrusion coupled with Fox's resistance weigh toward a conclusion that the amount of force Deputy Smith used was reasonable and not excessive.

## III

Because Fox's arrest was lawful and the amount of force used was not excessive, her state law claims must also fail. We need not, and do not, reach any other issue urged by the parties, nor do we express an opinion as to the wisdom of the official actions taken in response to a parking lot dispute.

**AFFIRMED.**